**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMANI KHAIR-DORSEY,** | : | |
| | : | **Civil No. 1:16-CV-1084** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **WELLSPAN HEALTH,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM OPINION**

I.    **Statement of Facts and of the Case**

The virtue of consistent candor is a cardinal value in life, and litigation.  This case comes before us on a motion for summary judgment filed by the defendant, which invites us to invoke the doctrine of judicial estoppel, a form of judicial sanction designed to promote consistent candor, to dismiss this case as a sanction for alleged inconsistencies in positions taken by the plaintiff in course of this litigation and a separate bankruptcy petition which she has filed.

The doctrine of judicial estoppel is premised on the concept of culpable inconsistency, the idea that parties should not be able to materially shift their positions in litigation in an expedient fashion that favors tactical advantage over the truth.  In order to promote consistent candor in litigation, judicial estoppel permits courts to sanction parties who adopt irreconcilably inconsistent positions in litigation by

precluding them from pursuing claims that are wholly inconsistent with the positions they have previously taken in some other lawsuit.  Given the fundamental nature of this inquiry, an assessment of whether judicial estoppel should apply in a particular case entails both an understanding of the positions taken by a party over time in various litigation and an assessment of what their conduct implies regarding the parties' subjective intent.

In this case, WellSpan seeks to assert the doctrine judicial estoppel as grounds to dismiss Khair-Dorsey's 2016 employment discrimination lawsuit, citing alleged material inconsistencies between the claims made by Khair-Dorsey in an EEOC administrative complaint which she filed in 2014; allegations leveled by Kahir-Dorsey in this lawsuit, which was filed in June of 2016; and averments made by Khair-Dorsey during a bankrupcty which she filed in 2015, which failed to disclose her pending administrative complaint and anticipated civil lawsuit.  With respect to the chronology of these alleged inconsistencies, the court records reveal the following:

In September of 2014, the plaintiff was employed as a physician office assistant by WellSpan.   On October 9, 2014, Khair-Dorsey was terminated from her employment at WellSpan, an act which forms the basis for her employment discrimination claims in this lawsuit.  (Doc. 1, ¶19.)  Khair-Dorsey appears to have immediately recognized this event as the potential subject of litigation and a claim

against WellSpan, since she retained counsel within eight days of this incident and her

counsel presented the defendant with a settlement demand letter on October 17, 2014.

(Doc. 14-3.)  When these efforts were unavailing, Khair-Dorsey began the litigation

process on December 14, 2014, by filing an administrative charge against WellSpan

with the Equal Employment Opportunity Commission ("EEOC"), and cross-filing a

similar claim with the Pennsylvania Human Relations Commission ("PHRC").

While this administrative action was pending before the EEOC and PHRC, on

October 16, 2015, Khair-Dorsey, represented by other counsel who was unrelated to

this litigation,[1] filed a bankruptcy petition in the United States Bankruptcy Court for

the Eastern District of Pennsylvania.  (Doc. 14-4.)  In this petition, which Khair-

Dorsey filed under oath, she was instructed to disclose all "[o]ther contingent and

unliquidated claims of every nature." (Id.)  In response to this inquiry Khair-Dorsey

replied: "none." (Id.) The Statement of Financial Affairs attached to this bankrupcty

petition provided Khair-Dorsey with a second opportunity for transparency and candor

when it asked her to "[l]ist all suits and administrative proceedings to which the debtor

is or was a party within **one year** immediately preceding the filing of this bankruptcy

---

[1]We emphasize that this bankruptcy was filed by other counsel to underscore that nothing in our decision is intended in any way to suggest that Khair-Dorsey's counsel in this litigation bears any responsibility for these material inconsistencies.  Rather, in the absence of any affidavit or declaration from Khair-Dorsey to the contrary, it seems that counsel relied upon their client for fulsome disclosure of all pertinent facts.

case." (Id.)  Despite the fact that Khair-Dorsey had filed administrative complaints against WellSpan with the EEOC and PHRC within the time frame specified on her bankruptcy petition, which were still pending when she filed for bankruptcy, and had retained counsel in that employment discrimination case, she did not disclose these pending administrative proceedings in which she was a plaintiff and ultimately enjoyed the opportunity for a potential financial recovery.  Instead, Khair-Dorsey merely disclosed her divorce proceedings, and a contract case in which she was a named defendant.

One month later, on November 18, 2015, Khair-Dorsey filed an amended statement of financial affairs under oath in this bankruptcy proceeding.  (Doc. 14-7.) Once again, she was instructed to disclose contingent and unliquidated claims of every nature along with all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. Presented with these questions, Khair-Dorsey never disclosed her pending EEOC complaint, or this potential civil claim.  (Id.)

Khair-Dorsey's bankruptcy remained pending from October 2015 until February 8, 2016, when the case was terminated with Khair-Dorsey discharging some $200,000 in debts, without ever disclosing the claims in this litigation as a potential asset.  (Doc. 14 Ex. C.)  While she enjoyed the financial benefits of the discharge of these debts, Khair-Dorsey never notified her creditors of the existence of this claim as a potential

asset, and the docket of this case indicates that the bankruptcy trustee recommended discharge of these debts in the belief that Khair-Dorsey had made a full disclosure of her assets.  Three months later, on May 2, 2016, Khair-Dorsey was advised by the EEOC of her right to sue in federal court.  (Doc. 1, ¶9.)  Having received this notice from the EEOC Khair-Dorsey then moved promptly, filing this lawsuit on June 7, 2016.  (Doc. 1.)

It is against the backdrop of these essentially undisputed facts that the defendant has moved for summary judgment (Doc. 12.), and we consider the application of the doctrine of judicial estoppel to Khair-Dorsey's claims.  For her part, Khair-Dorsey has not in any meaningful way contested any of these material facts.  (Doc. 16.)  Notably Khair-Dorsey has not submitted any declaration or affidavit which attempts in any way to explain the circumstances surrounding these filings, assert an innocent intent, or rebut any of WellSpan's allegations of intentional misconduct, despite having been provided ample opportunity to do so.  Thus, while Khair-Dorsey's counsel argues that these inconsistencies were the product of an innocent mistake, the plaintiff herself has taken no steps make any assertions, under oath, that would rebut the inference WellSpan invites us to draw from these facts.

## II.   **Discussion**

### A.   **Summary Judgment–Standard of Review**

WellSpan has moved for summary judgment in this case.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, a court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law." Macfarlan v. Ivy Hill SNF, LLC., 675 F.3d 266, 271 (3d Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  A disputed issue is only "genuine" if there is a sufficient evidentiary basis upon which a reasonable factfinder could find for the non-moving party.  Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A factual dispute is "material" only if it could affect the outcome of the suit under the governing law.  Doe v. Luzerne Cnty., 660 F.3d 169, 175 (3d Cir. 2011) (citing Gray v. York Papers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992)).  The Court is not tasked with resolving disputed issues of fact, but only with determining whether there exist any factual issues that must be tried.  Anderson, 477 U.S. at 247-49.

In considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Macfarlan, 675 F.3d at 271; Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 770 (3d Cir. 2009). Where there exist factual issues that cannot be resolved without a credibility determination, the court must credit the non-moving party's evidence over that presented by the moving party. Liberty Lobby, 477 U.S. at 255. However, if there is no factual issue presented, and if only one reasonable conclusion could arise from the record with respect to the potential outcome under the governing law, the court must award summary judgment in favor of the moving party. Id. at 250.

The court must review the entire record, but in doing so must take care to "disregard all evidence favorable to the moving party that the jury is not required to believe." Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 150-51 (2000). The task for the court is to examine "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Lobby, 477 U.S. at 251-52. In undertaking this review, the Court avoids making credibility determinations and does not weigh the evidence, and instead must take care to accept as true the non-movant's evidence and draw all inferences in his favor. Liberty Lobby, 477 U.S. at 255; see also Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004).

## B.    Elements of a Judicial Estoppel Claim

The doctrine of judicial estoppel is premised upon the inherent power of the court to punish misfeasance by parties. Klein v. Stahl GMBH & Co. Maschinefabrik, 185 F.3d 98, 108 (3d Cir. 1999). "When properly invoked, judicial estoppel bars a litigant from asserting a position that is inconsistent with one he or she previously took before a court or agency." Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 779 (3d Cir. 2001). While decisions regarding the application of judicial estoppel rest in the sound discretion of the court, id., that discretion is guided by certain basic principles. At the outset:

> Three requirements must be met before a district court may properly apply judicial estoppel. First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. See Ryan Operations G.P. v. Santiam–Midwest Lumber Co., 81 F.3d 355, 361 (3d Cir.1996). Second, judicial estoppel is unwarranted unless the party changed his or her position "in bad faith—i.e., with intent to play fast and loose with the court." Id. Finally, a district court may not employ judicial estoppel unless it is "tailored to address the harm identified" and no lesser sanction would adequately remedy the damage done by the litigant's misconduct. Klein, 185 F.3d at 108 (quotation marks and citation omitted).

Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 779-80 (3d Cir. 2001). Further, given the severe nature of this sanction–which precludes a party from pursuing a claim–it is well settled that: "Inconsistencies are not sanctionable unless a litigant has taken one or both  positions 'in bad faith—i.e., with intent to play fast

and loose with the court.' Ryan Operations G.P. v. Santiam–Midwest Lumber Co., 81 F.3d 355, 361 (3d Cir.1996)." Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 780-81 (3d Cir. 2001). "Judicial estoppel is therefore not intended to eliminate all inconsistencies no matter how slight or inadvertent they may be. See In re Chambers Development Co., Inc., 148 F.3d 214 (3rd Cir.1998)." Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 319 (3d Cir. 2003). Instead, "the doctrine should only be applied to avoid a miscarriage of justice." Id. Moreover, in this context:

> A finding of bad faith "must be based on more than" the existence of an inconsistency, Klein v. Stahl GMBH & Co. Maschinefabrik, 185 F.3d 98, 111 (3d Cir.1999) (emphasis added); indeed, a litigant has not acted in "bad faith" for judicial estoppel purposes unless two requirements are met. First, he or she must have behaved in a manner that is somehow culpable. See Ryan Operations, 81 F.3d at 362 (stating that judicial estoppel may not be employed unless " 'intentional self contradiction is ... used as a means of obtaining *unfair* advantage' " (quoting Scarano v. Central R. Co. of N.J., 203 F.2d 510, 513 (3d Cir.1953) (emphasis added)); id. ("An inconsistent argument sufficient to invoke judicial estoppel must be attributable to intentional *wrongdoing*." (emphasis added)); see also In re Chambers Dev. Co. Inc., 148 F.3d 214, 229 (3d Cir.1998) (quoting this language from Ryan Operations). Second, a litigant may not be estopped unless he or she has engaged in culpable behavior *vis-a-vis* the court. As we have stressed time and time again, judicial estoppel is concerned with the relationship between litigants and the legal system, and not with the way that adversaries treat each other. See, e.g., Ryan Operations, 81 F.3d at 360 ("Judicial estoppel 'is intended to protect the courts rather than the litigants.' " (quoting Fleck v. KDI Sylvan Pools, Inc., 981 F.2d 107, 121–22 (3d Cir.1992))); Delgrosso v. Spang & Co., 903 F.2d 234, 241 (3d Cir.1990) (same). Accordingly, judicial estoppel may not be employed unless a litigant's culpable conduct has assaulted the dignity or authority of the court.

<u>Montrose Med. Grp. Participating Sav. Plan v. Bulger</u>, 243 F.3d 773, 781 (3d Cir. 2001).

Finally, in the exercise of our discretion in this field we are mindful of the fact that: "judicial estoppel 'is often the harshest remedy' that a court can impose for inequitable conduct, [and therefore] a district court may not invoke the doctrine unless: (1) 'no sanction established by the Federal Rules or a pertinent statute is up to the task of remedying the damage done by a litigant's malfeasance;' and (2) 'the sanction [of judicial estoppel] is tailored to address the harm identified.' <u>Klein v. Stahl GMBH & Co. Maschinefabrik</u>, 185 F.3d 98, 108, 110 (3d Cir.1999)(internal quotation marks and citations omitted)." <u>Montrose Med. Grp. Participating Sav. Plan v. Bulger</u>, 243 F.3d 773, 784 (3d Cir. 2001).

Because application of judicial estoppel entails an assessment of a party's bad faith, the resolution of such estoppel claims often involve matters beyond the pleadings. Therefore, while "a district court need not always conduct an evidentiary hearing before finding the existence of bad faith for judicial estoppel purposes ... two precepts are nevertheless clear. First, a court considering the use of judicial estoppel should ensure that the party to be estopped has been given a meaningful opportunity to provide 'an explanation' for its changed position. <u>Cleveland v. Policy Management Sys.</u>, 526 U.S. 795, 807, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999). Second, though a court may sometimes 'discern' bad faith without holding an evidentiary hearing, it

may not do so if the ultimate finding of bad faith cannot be reached without first resolving genuine disputes as to the underlying facts." Coast Auto. Grp., Ltd. v. VW Credit, Inc., 34 F. App'x 818, 824 (3d Cir. 2002).

These questions of judicial estoppel often arise in a bankruptcy context. When a plaintiff brings a lawsuit relating to events that are also material to a bankruptcy filed by that party, defendants frequently invite the courts to invoke judicial estoppel and bar claims brought by litigants which are inconsistent with their prior bankruptcy filings. In some instances, courts have embraced these claims, finding bad faith concealment and relying upon judicial estoppel to bar plaintiffs from pursuing claims that are irreconcilably inconsistent with their bankruptcy filings. See e.g., Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 319 (3d Cir. 2003); Oneida Motor Freight v. United Jersey Bank, 848 F.2d 414, 419 (3d Cir. 1998); Castillo v. Coca-Cola Bottling Co. of Eastern Great Lakes, No. 06-183, 2006 U.S. Dist. LEXIS 32062 (E.D. Pa. May 22, 2006); Clark v. Strober-Haddonfield Group Inc., No. 07-910 (RBK), 2008 U.S. Dist. LEXIS 58865, at *8–*9 (D.N.J. July 29, 2008); Depiano v. Atlantic County, No. 02-5441 (RBK), 2004 U.S. Dist. LEXIS 31501, at *19 (D.N.J. Dec. 3, 2004). In other instances, courts have rebuffed these claims, finding instead that there was no bad faith inconsistency between the plaintiffs' representations in bankruptcy filings and their statements in subsequent

litigation. <u>See, e.g.</u>, <u>Ryan Operations G.P. v. Santiam-Midwest Lumber Co.</u>, 81 F.3d 355, 356 (3d Cir. 1996); <u>Benjamin v. Nat'l R.R. Passenger Corp.</u>, CIV.A. 09-4885, 2011 WL 2036702 (E.D. Pa. May 23, 2011); <u>Idearc Media LLC v. Glassman</u>, CIV.A. 10-1216, 2011 WL 570017 (E.D. Pa. Feb. 15, 2011).

A number of factors account for these differing outcomes.  At the outset, in some instances the procedural posture of the litigation may determine the outcome of a judicial estoppel claim since courts are understandably reluctant to assert judicial estoppel on the pleadings alone, particularly where those pleadings reveal an underlying factual dispute between the parties.  <u>Benjamin v. Nat'l R.R. Passenger Corp.</u>, CIV.A. 09-4885, 2011 WL 2036702 (E.D. Pa. May 23, 2011); <u>Idearc Media LLC v. Glassman</u>, CIV.A. 10-1216, 2011 WL 570017 (E.D. Pa. Feb. 15, 2011).  More fundamentally, these differing outcomes are often a function of a single, simple, consideration:  In every instance, "Judicial estoppel is a fact-specific, equitable doctrine, applied at courts' discretion."  <u>In re Kane</u>, 628 F.3d 631, 638 (3d Cir. 2010). Therefore, the unique factual context of each case often suggests how this broad discretion should be exercised.

However, when applying judicial estoppel in this setting, several principles guide our judgment.  First, with respect to a finding of bad faith, an essential component of an estoppel claim, '[i]n <u>Oneida Motor Freight, Inc. v. United Jersey</u>

Bank, 848 F.2d 414, 416-18 (3d Cir.1988),[the United States Court of Appeals for the Third Circuit] concluded that a rebuttable inference of bad faith arises when averments in the pleadings demonstrate both knowledge of a claim and a motive to conceal that claim in the face of an affirmative duty to disclose." Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 321 (3d Cir. 2003). See Hardee-Guerra v. Shire Pharm., 737 F. Supp. 2d 318, 329 (E.D. Pa. 2010). Thus, as a threshold matter this element is met, subject to rebuttal, when the party invoking judicial estoppel shows that the opposing party had knowledge of a claim prior to the filing of the bankruptcy petition, and then failed to fully disclose that claim in later bankruptcy filings under circumstances where a motive to conceal may be inferred. See e.g., Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., supra (knowledge of claim existed 13 months prior to bankruptcy filing);Hardee-Guerra v. Shire Pharm., 737 F. Supp. 2d 318, 329 (E.D. Pa. 2010)(employment discrimination case, plaintiff files EEOC administrative complaint 15 months prior to bankruptcy filing, failure to claim disclose in bankruptcy proceedings which continue even after complaint is filed leads to judicial estoppel); Castillo v. Coca-Cola Bottling Co. of E. Great Lakes, No. CIV.A. 06-183, 2006 WL 1410045, at *1 (E.D. Pa. May 22, 2006)(employment discrimination case, plaintiff files EEOC administrative complaint

six weeks prior to bankruptcy filing, failure to disclose in bankruptcy leads to judicial estoppel).

Yet, while judicial estoppel may apply in this setting, where there is an unrebutted and irreconcilable conflict between claims made in bankruptcy proceedings and a civil lawsuit, we remain mindful of the fact that a complete "dismissal of an action under the doctrine of judicial estoppel is a last resort." Castillo v. Coca-Cola Bottling Co. of E. Great Lakes, No. CIV.A. 06-183, 2006 WL 1410045, at *2 (E.D. Pa. May 22, 2006).  Recognizing the potentially severe impact of this sanction, a number of courts in the exercise of their discretion have applied the judicial estoppel doctrine sparingly in this setting and held that judicial estopped extends only to claims for compensatory damages which were not disclosed in the bankruptcy proceedings. These courts have, therefore, still permitted plaintiffs to pursue equitable relief claims in their employment discrimination lawsuits, thus narrowly tailoring the sanction of estoppel.  See e.g., Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1297 (11th Cir. 2003); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1289 (11th Cir. 2002); ,Hardee-Guerra v. Shire Pharm., 737 F. Supp. 2d 318, 329 (E.D. Pa. 2010); Clark v. Strober-Haddonfield Grp. Inc., No. CIV. 07-910(RBK), 2008 WL 2945972, at *3 (D.N.J. July 29, 2008); Castillo v. Coca-Cola Bottling Co. of E. Great Lakes, No. CIV.A. 06-183, 2006 WL 1410045, at *1 (E.D. Pa. May 22, 2006).

### C.   **The Defendant's Motion for Summary Judgment Will Be Granted In Part**

Applying these benchmarks, in the exercise of our discretion, we conclude that WellSpan's motion for summary judgment on judicial estoppel grounds should be granted, in part, and Khair-Dorsey's claim for compensatory damages should be dismissed.  In reaching this conclusion, we note at the outset that the positions taken by Khair-Dorsey in this case, and in her bankruptcy petition, seem irreconcilable.  Thus, in this case Khair-Dorsey recognized that she had a potential claim against WellSpan as early as October 2014, when she retained counsel to pursue that claim.  Khair-Dorsey also evinced an intent to actively pursue this known legal claim, both in December of 2014 prior to her bankruptcy filing when she submitted an administrative complaint to the EEOC, and following the February 2016 discharge of $200,000 in debts in this bankruptcy proceeding when she filed this lawsuit on June 7, 2016.  Yet, despite being afforded four separate opportunities to disclose this employment discrimination claim in her bankruptcy proceeding, either as a contingent asset or as a pending legal and administrative claim, she never made these required disclosures.  On its face, these legal positions conflict to a degree that are "irreconcilably inconsistent."  Montrose Med. Grp. Participating Sav. Plan v. Bulger, 243 F.3d 773, 779-80 (3d Cir. 2001)citing Ryan Operations G.P. v. Santiam–Midwest

Lumber Co., 81 F.3d 355, 361 (3d Cir.1996).  Thus, the first element of judicial

estoppel is satisfied here.

We also conclude that the second element of a judicial estopped defense–bad

faith–has been shown here.  On this score we are mindful that: "a rebuttable inference

of bad faith arises when averments in the pleadings demonstrate both knowledge of

a claim and a motive to conceal that claim in the face of an affirmative duty to

disclose." Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337

F.3d 314, 321 (3d Cir. 2003).  See Hardee-Guerra v. Shire Pharm., 737 F. Supp. 2d

318, 329 (E.D. Pa. 2010).  Here, we find that this employment discrimination claim

had accrued, and was recognized by the plaintiff, one year prior to the filing of her

bankruptcy petition.  Thus, the evidence permits an inference that these claims were

well-known by Khair-Dorsey prior to her bankruptcy filing.  In such instances, a

rebuttable presumption of bad faith arises.  See e.g.,  Krystal Cadillac-Oldsmobile

GMC Truck, Inc. v. Gen. Motors Corp., supra (knowledge of claim existed 13 months

prior to bankruptcy filing); Hardee-Guerra v. Shire Pharm., 737 F. Supp. 2d 318, 329

(E.D. Pa. 2010)(employment discrimination case, plaintiff files EEOC administrative

complaint 15 months prior to bankruptcy filing, failure to claim disclose in bankruptcy

proceedings which continue even after complaint is filed leads to judicial estoppel);

Castillo v. Coca-Cola Bottling Co. of E. Great Lakes, No. CIV.A. 06-183, 2006 WL

1410045, at *1 (E.D. Pa. May 22, 2006)(employment discrimination case, plaintiff files EEOC administrative complaint six weeks prior to bankruptcy filing, failure to disclose in bankruptcy leads to judicial estoppel).

This presumption is further underscored by Khair-Dorsey's treatment of these claims in her bankruptcy petition.  As we have observed on two occasions in October and November of 2015, Khair-Dorsey was required to "[l]ist all suits and admsinirtaive proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankrupt case."  Despite the fact that Khair-Dorsey had filed administrative complaints against WellSpan with the EEOC and PHRC within the time frame specified on her bankrupt petition, which was still pending, and had retained counsel, she did not disclose these pending administrative proceedings in her bankruptcy petition.  Instead, Khair-Dorsey merely disclosed her divorce proceedings, and a contract case in which she was a named defendant.  (Id.) Khair-Dorsey's decision to disclose some, but not all, of her pending litigation and administrative proceedings has the appearance of a tactical choice by the plaintiff, and not a mere oversight.  This inference is heightened by the fact that she disclosed a lawsuit in which she was a defendant, and sought to discharge a debt, but failed to disclose a potential claim in which she was the plaintiff and stood to make a financial recovery.  "As a person seeking to discharge her debts in bankruptcy, [the plaintiff]

had a clear motive to conceal her discrimination case from her creditors." Hardee-Guerra v. Shire Pharm., 737 F. Supp. 2d 318, 329 (E.D. Pa. 2010).  Khair-Dorsey's decision to list a lawsuit where she sought to discharge a debt, while neglecting to disclose a potential claim which might result in a financial recovery in her favor, underscores the permissible inference that she "had a clear motive to conceal her discrimination case from her creditors."  Id.

We find, therefore, that the evidence submitted by WellSpan is sufficient to create a rebuttable presumption of bad faith on Khair-Dorsey's part.  See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp., 337 F.3d 314, 321 (3d Cir. 2003). See Hardee-Guerra v. Shire Pharm., 737 F. Supp. 2d 318, 329 (E.D. Pa. 2010).  Moreover, having concluded that such a rebuttable presumption arises in this case, we are constrained to observe that Khair-Dorsey has provided us with nothing to rebut this presumption.  Thus, while her counsel argues that Khair-Dorsey's actions reflected an inadvertant oversight, the plaintiff herself is notably silent on this score. Khair-Dorsey has not submitted any declaration or affidavit which attempts to explain the circumstances surrounding these filings, asserts an innocent intent, or rebuts any of WellSpan's allegations of intentional conduct, despite having been provided ample opportunity to do so.  This stunning silence is fatal here, as we consider this summary judgment motion.  A party, like Khair-Dorsey, who seeks to resist a summary

judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. Moreover, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. Further, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995). Thus, a party may not rely upon inadmissible hearsay assertions to avoid summary judgment. See, e.g., Synthes v. Globus Medical, Inc., No. 04-1235, 2007 WL 2043184 (E.D.Pa. July 12, 2007); Bouriez v. Carnegie Mellon Univ., No. 02-2104, 2005 WL 2106582,* 9 (W.D.Pa. Aug. 26, 2005); Carpet Group Int'l v. Oriental Rug Importers Assoc., Inc., 256 F.Supp.2d 249 (D.N.J. 2003). Similarly, it is well-settled that: "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." Thimons v. PNC Bank, NA, 254 F.App'x 896, 899 (3d Cir. 2007)(citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial." Fireman's Ins. Co. Of Newark NJ v. DuFresne, 676 F.2d 965, 968 (3d Cir. 1982), see Sunshine Books, Ltd. v. Temple University, 697 F.2d 90, 96 (3d Cir. 1982)." [A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not

sufficient." <u>Lockhart v. Hoenstine</u>, 411 F.2d 455, 458 (3d Cir. 1969). Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." <u>Gans v. Mundy</u>, 762 F.2d 338, 341 (3d Cir. 1985)(citing <u>Ness v. Marshall</u>, 660 F.2d 517, 519 (3d Cir. 1981)).

In the instant case, Khair-Dorsey has provided absolutely no evidentiary basis for contesting the rebuttable presumption of bad faith which arises due to her contradictory positions regarding known legal claims made at a time when she had a motive to conceal assets. Therefore, given this complete failure to raise any disputed issue of fact with respect to her actions and intent we are forced to conclude that the presumption that arises in this case has not been rebutted. On the basis of this unrebutted presumption of bad faith, we, therefore, find that some sanction of judicial estoppel is appropriate here.

Yet, while we recognize the important values in terms of candor to the tribunal that compel us to apply judicial estoppel in this case where there has been no effort by Khair-Dorsey to properly rebut the presumption which arises as a result of her own conduct, we also acknowledge that courts which have applied this sanction have, in the exercise of their discretion, still permitted plaintiffs to pursue equitable relief and have simply dismissed compensatory damage claims. <u>See e.g.</u>, <u>Barger v. City of Cartersville, Ga.</u>, 348 F.3d 1289, 1297 (11th Cir. 2003); <u>Burnes v. Pemco Aeroplex</u>,

Inc., 291 F.3d 1282, 1289 (11th Cir. 2002); Hardee-Guerra v. Shire Pharm., 737 F. Supp. 2d 318, 329 (E.D. Pa. 2010); Clark v. Strober-Haddonfield Grp. Inc., No. CIV. 07-910(RBK), 2008 WL 2945972, at *3 (D.N.J. July 29, 2008); Castillo v. Coca-Cola Bottling Co. of E. Great Lakes, No. CIV.A. 06-183, 2006 WL 1410045, at *1 (E.D. Pa. May 22, 2006).   The path chosen by these cases has been dictated by both practical, and principled considerations.  First, this course underscores the importance of candor with the court and sanctions a lack of candor, but tempers that sanction with an acknowledgment of "the importance of the societal issues addressed in civil rights actions, as well as this Circuit's reluctance to apply the harsh remedy of judicial estoppel." Castillo v. Coca-Cola Bottling Co. of E. Great Lakes, No. CIV.A. 06 183, 2006 WL 1410045, at *4 (E.D. Pa. May 22, 2006).  Further, this balanced approach recognizes the practical reality that a contingent claim for equitable relief in an employment discrimination case likely would have added little to the value of a bankrupt estate, even had it been fully disclosed.  Clark v. Strober-Haddonfield Grp. Inc., No. CIV. 07 910(RBK), 2008 WL 2945972, at *3 (D.N.J. July 29, 2008) citing Barger v. City of Cartersville, Ga., 348 F.3d 1289, 1297 (11th Cir.2003) (permitting plaintiff to seek equitable relief after dismissal of damages claims because "claim for injunctive relief (i.e. her request for reinstatement) would have added nothing of value

to the bankruptcy estate even if she properly disclosed it").[2]  Therefore, this measured approach to judicial estoppel sanctions a lack of complete candor but avoids imposing disproportionate sanctions against a plaintiff who has failed to disclose a contingent equitable claim of limited value in a bankruptcy proceeding.

## III.   Conclusion

This is the path we will follow in the instant case, a path with promotes the virtue of candor in life and litigation, while tempering the harshness which may arise through a rigid application of judicial estopped.   Accordingly, for the foregoing reasons, the defendant's motion for summary judgment, (Doc. 12.), is granted, in part, and denied in part, as follows:  The motion is granted with respect to the plaintiff's claims for compensatory damages, but denied with respect to the plaintiff's claims for equitable relief.

An appropriate order follows.

Submitted this 28th day of February, 2017.

---

[2]This practical consideration has particular relevance here, where it appears that Khair-Dorsey was unemployed for only about 5 weeks following her discharge by WellSpan in October 2014 and later acquired a job which paid her at a higher hourly rate than that offered by WellSpan.  (Doc. 14, Ex. F.)  In this setting, the plaintiff's back-pay, front-pay and other equitable claims likely have only a nominal value which would have added little to the value of her bankrupt estate even had these equitable claims been disclosed.

*__S/Martin C.  Carlson__*
Martin C. Carlson
United States Magistrate Judge